UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CELESTE LAZZARO,
as Mother and Next Friend of
ALYSSA LAZZARO, a minor

    Plaintiff,
vs.

CARNIVAL CORPORATION,
d/b/a CARNIVAL CRUISE LINES, INC.,

    Defendant
_____/

## **COMPLAINT**

**COMES NOW**, the Plaintiff, CELESTE LAZZARO, as Mother and Next Friend of ALYSSA LAZZARO, a minor , by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, INC., and further states as follows:

### GENERAL ALLEGATIONS

1. This is a cause of action which is brought in the District Court for the Southern District, Florida pursuant to 28 U.S.C. 1333 and the forum selection clause of Plaintiff's passenger cruise ticket with Defendant, Section (19) (b). The cause of action is in excess of $75,000.00. There is diversity of citizenship. Plaintiff is a resident and citizen of Pennsylvania. This is a maritime cause of action.

2. Plaintiff has complied with all conditions precedent or, in the alternative, such conditions do not apply to this Plaintiff.

3. Defendant is a Panamanian Corporation which is licensed to do business in Florida as a cruise line. Defendant's base of operations is in Miami, Dade

County, Florida.

## COUNT ONE-NEGLIGENCE

4. Plaintiff reavers and realleges paragraphs One through Three.

5. On or about August 3, 2011, Plaintiff CELESTE LAZARRO was a fare paying passenger on Defendant's vessel CARNIVAL PRIDE with her family including her minor daughter ALYSSA whose date of birth is May 6, 2000.

6. At all times material, Defendant owed Plaintiff a duty of reasonable care in the circumstances aboard its vessel.

7. Notwithstanding Defendant's duty as aforesaid, Defendant breached its duty by unreasonably:

   a. Failing to properly maintain a passenger gangway in a reasonably safe condition, and/or;

   b. Failing to warn the Plaintiff of the dangers of walking on a passenger gangway, and/or;

   c. Failing to properly and safely inspect a passenger gangway before allowing passengers and Plaintiff to use it, and/or;

   d. Failing to have a reasonably proper surface on a passenger gangway, and/or;

   e. Failing to properly and reasonably train its employees in the proper methods of keeping a passenger gangway from becoming crowded, causing passengers to have to stop on the gangway during the boarding process, and/or;

   f. Failing to implement a method of operation of boarding passengers from

    the pier in the Turks and Caicos Islands;

  g. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or remain on a passenger gangway which was foreseeable to be the cause of accidents like this one;

8. As a result of the foregoing, the minor Plaintiff was injured when she got her little foot caught between two sections of the gangway being used to board passengers from the port to the vessel.  There was no crowd control. The passengers including the minor Plaintiff had to stop on the gangway due to inadequate crowd control.  The gangway was in two sections with a space between the two sections.  The minor had to stop at a point where her little foot was near the space between the two sections.  When the gangway moved due to action of the sea, the minor Plaintiff's big toe on her right foot got caught between the two sections of the heavy gangway and was injured.  Her toe remained jammed between the two parts of the gangway and could not be freed until the ship moved again.  The child's entire toenail was ripped off, the top of the toe was torn off down to the bone, she suffered two broken bones and needed seven stitches.

9. At all times material, the Defendant had actual knowledge of the dangerous condition and/or constructive knowledge of the dangerous condition by the length of time the condition existed, and/or the nature of the dangerous condition and/or the fact that the dangerous condition was ongoing, repetitive or recurring with some regularity.

10. At all times material, Plaintiff acted with due care for her own safety.

11. At all times material hereto, Defendant was in direct control of the vessel where

Plaintiff was injured.

12. In the alternative, or in addition hereto, Defendant is not required to have notice of the condition because Defendant engaged in and was guilty of negligent maintenance and/or engaged in negligent methods of operation. A simple rubber bath mat placed between the two sections of gangway and some crowd control on the part of Defendant would have prevented this unfortunate and entirely unnecessary and traumatic incident for this little child.

13. As a result of the negligence of the Defendant as aforesaid, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap, scarring and disfigurement and a loss of the ability to enjoy life; lost the enjoyment of her cruise; Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages and costs and pre-judgment interest. Jury trial is demanded.

DATED this 31st day of January, 2012.

> HOFFMAN LAW FIRM
> PAUL M. HOFFMAN, P.A.
> 2888 East Oakland Park Boulevard
> Fort Lauderdale, FL 33306
> Telephone: (954) 563-8111
> Fax: (954) 563-8171
>
> By: *//s// Paul M. Hoffman*
> PAUL M. HOFFMAN, ESQ.
> Florida Bar No: 0279897